**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ALFRED HERNANDEZ,

Plaintiff,

v. Case No. 3:26-cv-1493-MMH-SJH

1535 BLANDING BLVD (FL)
OWNER LLC, et al.,

Defendant.

---

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Notice of Irregularities in Proceedings, Errors and Omissions in Orders: and Motion to Vacate Orders and Transfer Case for Consolidation (Doc. 10; Notice), filed on July 29, 2026, and his Response to 07/09/2026 Order, and Motion to Serve Process and Transfer Case to US District Court for D.C. for Consolidated Hearings and Trial (Doc. 12; Response). Although unclear, it appears that these documents constitute objections to the Magistrate Judge's Orders (Docs. 4 and 9), entered on June 23, 2206, and July 9, 2026. See Rule 72(a), Federal Rules of Civil Procedure (Rule(s)). Upon review, the Court finds that the objections are due to be overruled.

## I. Procedural History

Plaintiff, who is proceeding pro se, initiated this action on June 8, 2026, with the filing of a document titled "(Urgent) Complaint for Unlawful Eviction; Abuse of HUD LIHTC Program; and A Temporary Restraining Order Without Hearing" (Doc. 1; Complaint). Significantly, Plaintiff did not pay the filing fee and instead sought leave to proceed in forma pauperis. See Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). On June 23, 2026, the Magistrate Judge entered an Order (Doc. 4) which, among other things, identified various problems with Plaintiff's Complaint. The Magistrate Judge took Plaintiff's request to proceed in forma pauperis under advisement and directed Plaintiff to file an amended complaint which corrected the pleading deficiencies identified in the Order and complied with all applicable rules and law. See June 23, 2026 Order at 8. Rather than file an amended complaint, Plaintiff moved for reconsideration. See Plaintiff's Motion for Reconsideration and Superseeding [sic] Order, and an Enlargement of Time to File an Amended Civil Complaint (Doc. 8). The Magistrate Judge denied this request in an Endorsed Order (Doc. 9) entered on July 9, 2026. Plaintiff then filed the Notice and Response in which he contends that these Orders should be vacated. See Notice at 8; Response at 5.

## I. Standard of Review

Inasmuch as the Magistrate Judge's Orders do not dispose of a claim or defense of any party, they are nondispositive orders. See Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). As such, to prevail in his objections, Plaintiff must establish that the conclusions in the Orders to which he objects are clearly erroneous or contrary to law. See Rule 72(a); 28 U.S.C. § 636(b)(1)(A); see also Traylor v. Howard, 433 F. App'x 835, 836 (11th Cir. 2011)[1]; Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. 1981)[2]; Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corr., 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000) ("The standard for overturning a Magistrate Judge's Order is a very difficult one to meet."). "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations and quotations

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

omitted); see also Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002))[3]; see also Pigott v. Sanibel Dev., LLC, No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); Schaaf v. SmithKline Beecham Corp., No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[4]

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

[4] The Court notes some authority that the "contrary to law" standard invites plenary review of a magistrate judge's legal conclusions. See e.g., Haines v. Liggett Grp., Inc., 975 F.2d 81, 91 (3d Cir. 1992); Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc., 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999); Comput. Econ., Inc. v. Gartner Grp., Inc., 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999); but see Grimes v. City & Cnty. of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (noting that pretrial orders of a magistrate judge are reviewable under a "clearly erroneous and contrary to law standard," and "are not subject to de novo" review). In this Circuit, however, the "contrary to law" standard has been distinguished as more deferential than de novo review. See Merritt, 649 F.2d at 1016-17 ("[A] magistrate [judge's nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate [judge's] proposed findings and recommendations.").

## II. Discussion

Upon review, the Court finds that Plaintiff's Notice and Response are largely incomprehensible and without merit. Although Plaintiff plainly disagrees with the Magistrate Judge's decisions, he makes no attempt to identify any specific legal or factual error in the Magistrate Judge's Orders. And while Plaintiff broadly invokes general principles of law to contend that the Magistrate Judge erred, he fails to cite to any legal authority in support of these arguments. As best the Court can discern, Plaintiff's primary argument appears to be that the Court should have initiated a criminal prosecution upon the filing of Plaintiff's Complaint. See Notice at 3-4, 10; Response at 8. However, neither the Court nor Plaintiff can initiate criminal charges against a person. Indeed, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." See Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)).

After a careful and complete review of the Magistrate Judge's June 23, Order and July 9, 2026 Endorsed Order, Plaintiff's Notice and Response, and the pleadings and record in this case, the Court finds no clear error in the Magistrate Judge's Orders, and also determines that the Orders are not contrary to law. The Court will provide Plaintiff **one final opportunity** to file an amended complaint in compliance with the Magistrate Judge's June 23, 2026 Order. Plaintiff is cautioned that failure to timely file an amended complaint

as directed will likely result in the dismissal of this action without further notice. To the extent Plaintiff seeks any other relief in his Notice and Response, those requests are due to be denied as they are premature until Plaintiff has filed a viable amended complaint.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Notice of Irregularities in Proceedings, Errors and Omissions in Orders: and Motion to Vacate Orders and Transfer Case for Consolidation (Doc. 10) and Response to 07/09/2026 Order, and Motion to Serve Process and Transfer Case to US District Court for D.C. for Consolidated Hearings and Trial (Doc. 12), construed as objections under Rule 72, are **OVERRULED.** To the extent Plaintiff seeks other forms of relief in these filings, those requests are **DENIED**.
2. Plaintiff shall have up to and including **December 1, 2026**, to file an amended complaint in accordance with the Magistrate Judge's June 23, 2026 Order (Doc. 4).

3. Failure to comply with this Order will result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Jacksonville, Florida this 5th day of November, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Pro Se Party
Counsel of Record